HEARD NOVEMBER TERM, 1875.

## STATE vs. WATSON.

To sustain an indictment for larceny in stealing money, the evidence was that the prisoner snatched the money from the prosecutor's hands and handed it to a third party, who walked off with it: *Held*, That it was not error to refuse to charge that the evidence proved only a trespass, and that if any offense was proved it was robbery and not larceny.

Nor was it error to charge that if the jury believed the money was taken by surprise, and that the defendant converted it to his own use, it was larceny.

BEFORE COOKE, J., AT GREENVILLE,          TERM, 1875.

Indictment against Edward Watson, *alias* John F. McCord, for grand larceny.

The case is stated in the brief, which is as follows:

This was an indictment for grand larceny, and the defendant, on his arraignment, pleaded not guilty.

The State introduced evidence to show that on the 20th day of January, 1875, the defendant met one B. G. Hamly, in the city of Greenville, and asked him if he wanted to buy some whiskey. Hamly said that he did, and would get something to put it in. In about an hour the defendant came back and asked Hamly if he was ready. Hamly replied that he was, and they started together to get the whiskey. That on the way they saw a colored man, who dropped something with a red string in it, which defendant picked up. That soon after the colored man came back looking for what he had dropped, and defendant told him that he had it. That defendant and the colored man then began disputing as to whether or not there was a ribbon in it, and finally proposed to bet concerning it. That defendant asked Hamly if he had any money, and that the latter replied that he had. That defendant said, " Let me see it." Hamly then took out his money, amounting to $46, and defendant snatched it from him and handed it to the colored man, who walked off.

Defendant then proposed to repay Hamly, and they walked on towards the place where defendant said the whiskey was. Defendant stopped two or three times to talk with people whom he met, and Hamly, feeling assured that he would not get his money, left him.

At the close of the testimony, the defendant asked the Court to charge the jury:

1. That the evidence proved only a trespass.

2. That, if criminal, the offense was robbery and not larceny.

The Court refused so to charge, but charged that if the jury believed that the money was obtained by surprise and that defendant converted it to his own use, it was larceny.

Defendant excepted.

Verdict, " Guilty." Sentence, ten years in State Penitentiary.

The defendant appealed upon the following grounds:

1. Because the offense proven was nothing more than a trespass.

2. Because, if any criminal intent was shown, the offense was robbery and not grand larceny.

*Jones, Jones & Mower, Earle & Wells,* for appellant.

*Blythe,* Solicitor, contra.

March 1, 1876.   The opinion of the Court was delivered by

WRIGHT, A. J.   The circumstances of this case are precisely like those in that of the *State* vs. *The Same Person*, tried at the same term of the Court, except here the defendant did not set up and rest his defense upon an *alibi*, as the defendant did in that case.

The motion for a new trial must be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.